# HOWARD REYNOLDS v. STATE.

No. A-7981. Opinion Filed May 29, 1931.
Rehearing Denied June 19, 1931.
(300 Pac. 417.)

Charles G. Ozmun, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of the crime of unlawfully opening, conducting, setting up, and operating a game of chance, to wit, craps, and his punishment fixed by the jury at a fine of $500 and imprisonment in the state penitentiary for one year.

The evidence of the state was that the officers had a search warrant; that on entering the premises of defendant they saw a number of men around a small table in a room in defendant's home; that one Pierce had a dice box in his hand shaking dice and that there was money lying on the table; that defendant was standing by the side of the table and as the officers reached for the money, the defendant picked it up and took possession of it.  The witness Pierce testified that he was throwing the dice for the defendant who had part of the money on the table.

Defendant, testifying for himself, admitted that dice were being shaken, but denied that he had any interest in the game or had anything to do with operating it.  On cross-examination defendant admitted that on the 18th day of October, 1924, he had pleaded guilty in the federal court to possession of 400 gallons of mash and 3 gallons of whisky; that on August 30, 1925, he pleaded guilty in the federal court to possession of 100 gallons of beer and 20 gallons in process of manufacture; that on the 24th day of September, 1927, he pleaded guilty in the federal court to a charge of possession of a 200 gallon copper still,

250 gallons of mash, and 375 pints of beer; that on the 24th day of January, 1928, he was convicted in the county court of Comanche county on a charge of possession of a still, and that on the 25th day of September, 1928, he was convicted in the county court of Comanche county of possession of four gallons of intoxicating liquor; that on the 2d day of July, 1929, he was convicted in the county court of Comanche county of the possession of beer.

On redirect examination defendant was asked by his counsel, "Have you ever been convicted of a violation of the gambling laws, Howard?" and answered, "Yes, sir," and that the jury fixed his punishment at a fine of $150 and three months in the county jail.

The contention of defendant is that this evidence was insufficient to support a verdict of guilty.

It appears from the record that the defendant was an habitual violator of the law and that his place was a notorious bootlegging joint and gambling place.

Defendant contends that the affidavit and search warrant were insufficient to entitle the officers to search his premises.

By stipulation of the county attorney and defendant's counsel the affidavit and warrant were placed in the record, and are sufficient upon their face to authorize the officers to search the defendant's premises.

Defendant complains of other errors, but they are not of sufficient importance to require a separate discussion in this opinion.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.